**E-FILED**
Thursday, 13 May, 2010  02:50:57 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| STEPHEN A. BRINKOETTER,        ) | |
|             ) | |
| **Plaintiff,**       ) | |
| **v.**                     ) | |
|             ) | **Case No.  10-2039** |
| **BOARD OF TRUSTEES OF PLUMBERS**   ) | |
| **AND STEAMFITTERS LOCAL 65**      ) | |
| **PENSION FUND, et al,**          ) | |
|             ) | |
| **Defendants.**      ) | |

# REPORT AND RECOMMENDATION

In March 2010, Plaintiff Stephen Brinkoetter filed a Complaint (#1) against Board of Trustees of the Plumbers and Steamfitters Local 65 Pension Fund, R. Lawrence Gooding, Mark Greenwalt, Jeffrey Burdick, George Burns, and Lisa Poston.  Plaintiff's complaint alleges claims related to his pension benefits, including breach of contract (Count I) and estoppel (Count II).  Federal jurisdiction is based on federal question under 28 U.S.C. § 1331.

In March 2010, Defendants filed a Motion To Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(6) (#9).  In April 2010, Plaintiff filed a Response to Defendants' Motion To Dismiss (#13).

At a hearing held April 30, 2010, Plaintiff's counsel confirmed that Plaintiff conceded that Count II failed to state a claim.

As to Count I, Defendants argue that Plaintiff's only remedy for breach of contract is pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter "ERISA") (29 U.S.C. § 1132 (a)(1)(B)).  However, a plaintiff is precluded from seeking a remedy from any entities or persons other than the pension plan itself.  *See Jass v. Prudential Health Care Plan, Inc*., 88 F.3d 1482, 1490 (7th Cir. 1996).  Defendants contend that the Court should dismiss Count I because Plaintiff did not name the Plan as a defendant.

Plaintiff responds that, in some instances, the Seventh Circuit has allowed an ERISA benefits claim to provide against a plan administrator, particularly where the plan and the administrator are closely intertwined. *See Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610-11 (7th Cir. 2007). Plaintiff contends that this is one of those cases, stating that there is little real difference in this case between the Plan, the Trustees, the Plan Administrator, and the Plan Fiduciaries. Alternatively, Plaintiff asks for leave to amend his complaint, naming the Plan as a defendant.

After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(6) **(#9)** be **GRANTED** and that Plaintiff be allowed to amend his complaint within 14 days of an Order being entered on this recommendation.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of May, 2010.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE
