UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| STEPHEN A. BRINKOETTER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BOARD OF TRUSTEES OF PLUMBERS )<br>AND STEAMFITTERS LOCAL 65 )<br>PENSION FUND, et al, )<br>)<br>Defendants. ) | Case No. 10-2039 |

# ORDER

Plaintiff Stephen A. Brinkoetter filed a Second Amended Complaint (#20) against Defendant The Plumbers and Steamfitters Local 65 Pension Fund in June 2010. Plaintiff brings the action under 20 U.S.C. § 1132 of the Employee Retirement Income Security Act. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In December 2010, Defendant filed Defendant's Motion for Summary Judgment (#31). Plaintiff then filed a Motion to Defer Consideration of Motion for Summary Judgment (#32). Defendant entered Defendant's Response to Plaintiff's Motion to Defer (#34). After reviewing the parties' pleadings and memoranda, this Court **DENIES** Plaintiff's Motion to Defer Consideration of Motion for Summary Judgment **(#32)**. Plaintiff is directed to file a response to Defendant's motion for summary judgment within 14 days.

Plaintiff brings his motion to defer consideration of Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that, if a party opposing a motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. FED. R. CIV. P. 56(d). Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest

showing by the opposing party that [its] opposition is meritorious." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 886 (7th Cir. 2005). A party opposing summary judgment who seeks continuance to conduct additional discovery must demonstrate facts essential to justify its opposition. *Id.* at 885.

Plaintiff seeks to defer consideration of Defendant's motion for summary judgment in order to allow time to depose Lisa Poston, the plan administrator. This Court previously entered an order denying Plaintiff's motion to compel a deposition of Ms. Poston. Plaintiff argues that, despite this previous order, the Court should now permit Plaintiff to depose Ms. Poston because Defendant has relied on Ms. Poston's affidavit in its motion for summary judgment. Defendant responds that the administrative record is dispositive of the issue of whether the Defendant acted arbitrarily and capriciously. As such, Defendant argues this Court should deny Plaintiff's motion.

In response to Plaintiff's previous motion to compel, Defendant argued that Plaintiff was not entitled to obtain a deposition of board members or the plan administrator under *Semien v. Life Ins. Co.*, 436 F.3d 805 (7th Cir. 2006). The Court in *Semien* emphasized that discovery is disfavored in the ERISA context. Discovery may be appropriate only in narrow circumstances. *Semien* established a two part test: limited discovery is allowed where (1) a claimant identifies a specific conflict of interest or instance of misconduct of the decision-makers, and (2) the claimant makes a prima facie showing there is good cause to believe that the discovery will reveal a procedural defect in the plan administrator's determination. *Id.* at 815. In a motion hearing held on November 19, 2010, this Court denied Plaintiff's motion to compel. The Court determined that the *Semien* test applied, and that Plaintiff could not show that he was entitled to discovery under the *Semien* test.

In response to Plaintiff's present motion, this Court reaches the same conclusion. The inclusion of Ms. Poston's affidavit in Defendant's motion for summary judgment does not create a right for Plaintiff to depose Ms. Poston. Plaintiff has presented no new evidence or argument

indicating he is entitled to discovery under the *Semien* test. Furthermore, the Court agrees with Defendant that the administrative record is dispositive of the issue of whether Defendant acted arbitrarily and capriciously.

For the reasons stated above, this Court **DENIES** Plaintiff's Motion to Defer Consideration of Motion for Summary Judgment **(#32)**. Plaintiff is directed to file a response to Defendant's motion for summary judgment within 14 days.

ENTER this 6th day of April, 2011.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE